PELAVIN *v.* BREON.

1. WORK AND LABOR—CONTRACTS—SUFFICIENCY OF EVIDENCE.

In action for services performed as superintendent of construction of apartment house, positive testimony that plaintiff was engaged as such superintendent, that he was to be paid $8,000 therefor, and that he rendered very considerable service, one-third of whole, before he was discharged, *held,* sufficient to sustain verdict for plaintiff for $2,000.

2. APPEAL AND ERROR—HARMLESS ERROR—ERRONEOUS INSTRUCTION NOT PREJUDICIAL WHERE JURY NOT MISLED.

Error of trial court, in charge to jury, in referring to plaintiff's claim respecting superintendence of construction as demand for loss of profits, was not prejudicial, where jury could not have been misled; all evidence in this regard being directed to amount and value of services actually performed, and not to loss of profits.

Error to Wayne; Jayne (Ira W.), J. Submitted October 25, 1929. (Docket No. 67, Calendar No. 34,396.) Decided January 24, 1930.

Assumpsit by Harry Pelavin against Guy L. Breon for services performed as construction superintendent. From verdict and judgment for plaintiff, defendant brings error. Affirmed.

*Schmalzriedt, Frye, Granse & Frye,* for plaintiff.

*Bresnahan & Groefsema* and *Daniel H. Cronin,* for defendant.

CLARK, J. Plaintiff, contending that he was engaged to superintend the construction of an apartment house and to do the carpenter work thereon,

and that when the superintendence was one-third done and the carpenter work not yet begun he was discharged and his contract terminated, brought this suit claiming damages $2,600 for work done as superintendent, and $1,550 loss of prospective profits on the carpenter contract, and had verdict and judgment for $2,000. Defendant brings error, urging chiefly that he was entitled to verdict directed in his favor.

The case was for the jury. Plaintiff had positive testimony that he was engaged as superintendent, that he was to have been paid therefor $8,000, that he rendered very considerable service, one-third of the whole, and he had corroborative evidence, including testimony of other witnesses. This is sufficient to sustain the verdict.

A number of excerpts from the charge are set forth as erroneous, but upon reading the context no reversible error appears. The court in his charge in one instance referred to plaintiff's claim respecting superintendence as a demand for loss of profits whereas his claim was for compensation for services performed. We think the jury could not have been misled. All the evidence in this regard was directed to the amount and value of services actually performed, not to loss of profits. No other question need be discussed. We find no reversible error.

Judgment affirmed.

WIEST, C. J., and BUTZEL, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., took no part in this decision.